UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

―――――――――――――――――――――――――――――

SETAF-SEGAT,

               Plaintiff,

    - against -

CAMEROON SHIPPING LINES S.A., ET AL.,

              Defendants.

―――――――――――――――――――――――――――――

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/16/09

09 Civ. 6714 (JGK)

**MEMORANDUM OPINION AND ORDER**

JOHN G. KOELTL, District Judge:

    In response to the Court's Order to show cause why the maritime attachment in this case should not be vacated pursuant to Shipping Corp. of India v. Jaldhi Overseas Pte Ltd., Nos. 08 2477 Civ., 08 3758 Civ., 2009 WL 3319675, at *11 (2d Cir. Oct. 16, 2009), and the Complaint dismissed without prejudice, the plaintiff argues that: (1) Jaldhi should not be applied retroactively; (2) Jaldhi should not be applied to Electronic Fund Transfers ("EFTs") that originated with the defendant; and (3) the funds in this case are no longer EFTs and, thus, not subject to Jaldhi. These arguments have no merit.

    First, the Court of Appeals for the Second Circuit recently decided that Jaldhi applies retroactively because jurisdictional rulings may never be made prospective only. Hawknet, Ltd. v. Overseas Shipping Agencies, No. 09 2128 Civ., 2009 WL 3790654, at *2 (2d Cir. Nov. 13, 2009).

Second, the Court of Appeals has made it plain that Jaldhi applies to EFTs where the defendant is either the originator or the beneficiary. Id. at *3.

Third, the fact that the funds are no longer in transit does not remove this case from the scope of Jaldhi. The fact remains that there was no property of the defendant that could have been attached in the first instance. No alchemy by the bank transformed EFTs that cannot be attached into property of the defendant that can be attached.

The Court has carefully considered all of the arguments presented. To the extent not specifically addressed in this Opinion they are either moot or without merit. For the reasons stated above, the maritime attachment in this case is **vacated**. The Clerk is directed to **dismiss** the Complaint **without prejudice** and to close this case. The Clerk is also directed to dismiss any pending motions without prejudice as moot.

SO ORDERED.

Dated: New York, New York
November 14, 2009

John G. Koeltl
United States District Judge